AARON D. FORD
  Attorney General
D. RANDALL GILMER, (Bar No. 14001)
  Chief Deputy Attorney General
JEFFREY D. WHIPPLE, (Bar No. 16346)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-3427 (Gilmer)
(702) 486-3792 (Whipple)
(702) 486-3768 (fax)
Email: jwhipple@ag.nv.gov
         drgilmer@ag.nv.gov

*Attorneys for Defendants*
*Scott Davis, Tim Garrett, Kara LeGrand,*
*Donald Southworth, and Harold Wickham*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE HARDIMAN,<br><br>              Plaintiff,<br><br>v.<br><br>SCOTT DAVIS; et al.,<br><br>              Defendants. | Case No. 3:23-cv-00584-MMD-CLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR TWO-WEEK EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY DUE TO PENDING MEET AND CONFER REQUEST BY DEFENDANTS**<br>**(ECF NO. 24)**<br><br>**(First Request for Extension of Time)** |

Defendants, Scott Davis, Tim Garrett, Kara Legrand, Donald Southworth, and Harold Wickham, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, Chief Deputy Attorney General D. Randall Gilmer, and Jeffrey D. Whipple, Deputy Attorney General,[1] hereby move for a **two week extension of time** to file a

---

[1] Counsel of Record, DAG Jeffrey Whipple, is out of the office on emergency leave, and therefore CDAG, D. Randall Gilmer has drafted and filed this Motion on behalf of Defendants. It is anticipated DAG Whipple will remain counsel of record. As the circumstances surrounding the need for this leave are of a personal nature, should this Court believe additional information is necessary, it is requested that the information be provided *in camera*. **Ex. A at 2, ¶ 2**.

response to Plaintiff Andre Hardiman's (Hardiman) Motion to Compel filed on March 17, 2025 (ECF No. 24). Should this extension be granted, Defendants' response will now be due on **Monday, April 14, 2025**.

I. INTRODUCTION

Defendants have provided responses to all seven of Hardiman's Requests for Production of Documents. However, with regard to Request No. 1, Defendants objected to the request as being overly broad, vague, and unduly burdensome, but also informed Hardiman that to the extent documents could be identified, those documents would be provided as a supplement. Counsel of Record, Deputy Attorney General (DAG) Jeffrey Whipple, is currently on emergency leave, but it is expected to return to the office within the next several days. **Ex. A, Declaration of Chief Deputy Attorney General (CDAG), D. Randall Gilmer at 2, ¶ 2**.

Prior to his departure, DAG Whipple scheduled a phone conference for Wednesday, April 2, 2025 with Hardiman for the purpose of having a meet and confer relating to what, if any, documents could be provided in response to Hardiman's Request for Production No. 1 that would be amenable to Hardiman. *Id.* at 2, ¶ 6. Due to the scheduling of that meet and confer phone conference, which will be held regardless of whether DAG Whipple has returned (with CDAG Gilmer participating in his absence if necessary), Defendants request a two-week extension to file the response to Hardiman's motion as Defendants are hopeful that the phone call will result in a resolution of this issue without this Court's intervention. *Id.* at 2-3, ¶¶ 7-10.

In addition, the request is being sought due to DAG Whipple's current leave, as Defendants wish to ensure any substantive response is accurate in all respects, which, given the nature of DAG Whipple's current leave, the undersigned is unable to ensure at this time. *Id.* at 2, ¶ 7.

II. STATEMENT OF FACTS

Hardiman sent Requests for Production of Documents to all Defendants on or about November 11, 2024. On February 21, 2025, Hardiman filed a motion to compel regarding

1  those responses, ECF No. 21, which this Court noted was mooted on March 14, 2025, ECF
2  No. 23, as Defendants noted in their opposition to the motion to compel that those responses
3  had been provided on January 31, 2025 and March 5, 2025. ECF No. 22 at 2:9-1.  Hardiman
4  did not file any reply following the opposition being filed, and therefore, this Court issued
5  an order denying the motion to compel as moot, as it "appear[ed] there is no longer a dispute
6  between the parties as to discovery.  ECF No. 23 at 1:17-23.

7        In bringing the first motion to compel, Hardiman failed to provide this Court with a
8  copy of the disputed discovery request. Instead, within the body of the motion the purported
9  language of six of the seven responses.  ECF No. 21 at 1:24-2:22.  However, a review of the
10 discovery responses, particularly as to Request for Production No. 1, establishes that
11 Hardiman did not accurately reference the discovery sought, as the discovery request,
12 **Exhibit B at 1:25-26**, sought "[a]ll unit movement logs from April of 2022 to June of 2024,"
13 whereas the documents sought to be compelled in the first motion to compel for Request
14 No. 1 seeks "LCC's unit movement long via N.O.T.I.S. (Nevada Offender Tracking
15 Information System) from April of 2022 to June of 2024."  ECF No. 21 at 1:24-26. Similarly,
16 now, Hardiman has reframed this question a third time to seek "[a]ll of LCC's yard
17 movement via NOTIS (Nevada Offender Tracking Information System) from April of 2022
18 to June of 2023."  ECF No. 24 at 1:25-27, 2:9-12.

19       While Defendants admittedly did not provide any documentation in response to
20 Hardiman's Request for Production No. 1, Defendants did provide Hardiman with objections to
21 the request, and noted that despite the objections, Defendants will "provide a response that is
22 reasonably related to the allegations in this case," and that "[t]o the extent such documents exist,
23 all responsive documents within Defendant's possession, custody or control and to which no
24 objection is being made will be produced under supplemental disclosures" and that "Defendants
25 reserve the right to supplement this response."  **Exhibit C at 3:5-15**.

26       Hardiman seems to acknowledge he received these responses one day before the
27 deadline to file a reply to his initial motion to compel, but neither sought an extension to
28 file a reply nor choose to file one. *See* ECF No. 24 at 3:1-6.  He has now brought the instant

1  motion to compel, which, as noted, again changes both the language and the date range for
2  what documents he seeks to have produced. *Compare* **Ex. B at 1:25-26** with ECF No. 24
3  at 1:25-27, 2:9-12. Defendants have scheduled a meet and confer phone conference for
4  Wednesday, April 2, 2025, for the purpose of discussing these discrepancies, which
5  Defendants hope will result in an agreement between the Parties as to what documents
6  Hardiman is seeking, and when those documents can be provided given the potential of
7  them being a high-volume amount of documents needing redaction. **Ex. A at 2-3, ¶¶ 6-10**.

8  **III.  LEGAL STANDARD**

9  Courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR*
10  *Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious
11  disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) "Such power is
12  indispensable to the court's ability to enforce its orders, manage its docket, and regulate
13  insubordinate [] conduct. *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08–cv01387–RLH–PAL, 2010
14  WL 3910072, at *2 (D.Nev.2010)).

15  LR IA 6-1 discusses requests for extensions. The rule states "[a] motion or
16  stipulation to extend time must state the reasons for the extension requested and must
17  inform the court of all previous extensions of the subject deadline the court granted."

18  **IV.  ARGUMENT**

19  As noted above, Defendants have provided responses to Hardiman's request for
20  production of documents. Hardiman believes additional documents are necessary to fully
21  comply with Request for Production No. 1 – but in seeking those documents, has provided
22  a different date range and different language than that contained in the actual discovery
23  request at issue. *Compare* **Ex. B at 1:25-26** with ECF. No. 24 at 1:25-27, 2:9-12.
24  Defendants acknowledge that their Response to Request to Produce No. 1 could have been
25  clearer—and should have also included an objection based on proportionality, but also note
26  that given the shifting language contained in Hardiman's initial Request for Production
27  No. 1 (**Ex. B at 1:25-26**) the first motion to compel (ECF No. 21 at 1:24-26) and now the
28  second motion to compel (ECF No. 24 at 1:25-27, 2:9-12). The ambiguity and vagueness of

1  the request is clear given Hardiman's shifting language as to what logs, from where, and
2  dates ranges used by Hardiman in the three documents above to identify the documents he
3  is actually requesting.

4  Defendants have scheduled a meet and confer for Wednesday, April 2, 2025, to
5  discuss Hardiman's concerns pertaining Request to Produce No. 1, as well as to seek
6  clarification as to what precisely Hardiman is seeking given the changes in date range and
7  language used in the Discovery Response (Ex. B at 1:25-26), the mooted Motion to Compel
8  (ECF No. 21 at 1:24-26, and the instant Motion to Compel (ECF No. 24 at 1:25-27, 2:9-12).
9  *See also* **Ex. A at 2, ¶¶ 5-6**.

10  In addition to this shifting nature of Hardiman's request, DAG Whipple, counsel of
11  record, is currently on emergency leave. As a result, it is unclear at this point whether
12  there is any continued disagreement between the Parties, and to the extent there is not,
13  how much additional time will be needed to provide Hardiman with any additional
14  responsive documents to the extent they may exist. Defendants anticipate that the meet
15  and confer scheduled for Wednesday, April 2, 2025, will provide clarity on both of these
16  points.

17  As noted above, this is the first request for an extension of time. In addition, given
18  the discrepancies in the discovery request, the documents Hardiman seeks to compel in the
19  current Motion to Compel, and DAG Whipple's current emergency leave, Defendants
20  respectfully state that there is good cause for seeking this fourteen (14) day extension. In
21  addition, there is no outstanding dispute regarding any other aspect of the discovery
22  exchanged between the parties, and Defendants have provided Hardiman with over 297
23  pages of discovery, as bates-labeled documents NDOC00001-NDOC00297 have been
24  provided as part of initial disclosures, supplementary disclosures, and discovery. **Ex. D,**
25  **Supplemental Initial Disclosures at 4:24-6:19**. Further, discovery is not set to close
26  until April 27, 2025 and therefore there will be no prejudice to Hardiman as it pertains to
27  this extension of time, as Hardiman will have until May 12, 2025 to file any discovery
28  ///

related motion that he believes may still be necessary following the meet and confer and production of any documents relevant to Request to Produce No. 1, ECF No. 6:11-20.

## V. CONCLUSION

Defendants have responded to Hardiman's discovery requests and a meet and confer is scheduled for Wednesday, April 2, 2025, in an effort to seek clarification as to what documents Hardiman seeks, and under what terms and conditions they can be provided. As such, Defendants seek a 14-day extension to provide any further response necessary to Hardiman's instant motion, or for the parties to inform this Court as to whether a resolution has been agreed upon without the need for this Court to intervene further.

DATED this 31st day of March 2025.

        AARON D. FORD
        Attorney General

By:   */s/ D. Randall Gilmer*
       D. RANDALL GILMER, Bar No. 14001
       Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:** March 31, 2025

_____
**UNITED STATED MAGISTRATE JUDGE**