UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANDRE HARDIMAN,

          Plaintiff,

  v.

SCOTT DAVIS, *et al.*,

          Defendants.

Case No. 3:23-CV-00584-MMD-CLB

**ORDER GRANTING MOTION TO COMPEL**

[ECF No. 24]

Before the Court is Plaintiff Andre Hardiman's ("Hardiman") motion to compel. (ECF No. 24.) Defendants requested an extension of time to file a response, which the Court granted. (ECF Nos. 25, 26.) However, to date, Defendants have failed to oppose or otherwise respond to the motion to compel. For the reasons discussed below, the motion is granted.

**I.  LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

///

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## II. DISCUSSION

In his motion to compel, Hardiman requests that the Court order Defendants to provide "All of LCC's yard movement via NOTIS (Nevada Offender Tracking Information System) from April of 2022 to June of 2023." (ECF No. 24.) Defendants object to the request on the basis that it is "vague and ambiguous." (*Id.*) However, Hardiman argues

that the request is neither vague nor ambiguous, is narrowly defined, and the information is relevant to showing that there is no need for level systems that restrict Islamic inmates from gathering to worship, which is center to his claims in this lawsuit. (*Id.*) Based on the motion, the Court finds that Hardiman has met his initial burden of informing the Court why a motion to compel is warranted. *See Harris*, 2019 WL 4274010, at *1.

The burden now shifts to Defendants to show why this discovery should not be permitted. Despite requesting and being granted an extension of time to respond to the motion, Defendants have failed to do so. Thus, they have not met their burden. *See Blankenship*, 519 F.2d at 429. Further, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. Accordingly, Hardiman's motion to compel, (ECF No. 24), is granted. Defendants are directed to provide the requested discovery within 14 days of the date of this order.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Hardiman's motion to compel, (ECF No. 24), is **GRANTED**. Defendants must provide the requested discovery by **May 1, 2025.**

**DATED**: April 17, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**