UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDRE HARDIMAN,<br><br>                      Plaintiff,<br><br>      v.<br><br>SCOTT DAVIS, *et al.*,<br><br>                      Defendants. | Case No. 3:23-CV-00584-MMD-CLB<br><br>**ORDER DENYING STRIKING DISCOVERY ON THE DOCKET**<br><br>[ECF No. 48] |

On October 6, 2025, Plaintiff Andre Hardiman ("Hardiman") filed a document titled "Objection to Kara LeGrand's Answers to Plaintiff's Interrogatories, Set Two." (ECF No. 48.) This document contains Hardiman's "objections" to Defendant Kara LeGrand's ("LeGrand") answers to Hardiman's interrogatory requests. (*Id.*) This document is improper for multiple reasons and is therefore stricken from the docket.

First, in its current form, this document constitutes discovery improperly filed on the docket. Pursuant to the Local Rules, unless the Court orders otherwise, discovery documents may not be filed on the docket. LR IC 1-1(c)(12). The Court may strike documents that do not comply with the Local Rules. LR IC 7-1. Consequently, the Court strikes Hardiman's objections to LeGrand's interrogatory answers.

Further, Hardiman may not simply file "objections" to interrogatory answers on the docket. To the extent Hardiman has issues with LeGrand's interrogatory responses, he must first meet and confer with opposing counsel before filing a properly supported discovery motion. Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26-6(c).

The Court reminds Hardiman that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*,

884 F.3d 1218, 1219 (9th Cir. 2018). While the Court understands that Hardiman is proceeding *pro se*, *pro se* litigants are still required to abide by the Federal Rules of Civil Procedure, the Nevada Rules of Civil Procedure, and the Court's Local Rules. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Although the Court will liberally construe *pro se* pleadings and will give some latitude to *pro se* litigants, a continued failure to follow the Court's Local Rules and the Rules of Civil Procedure may result in sanctions.

**IT IS THEREFORE ORDERED** that Hardiman's objections to LeGrand's interrogatory answers, (ECF No. 48), is hereby **STRICKEN**.

**IT IS SO ORDERED.**

**DATED**:  October 6, 2025 .

_____
**UNITED STATES MAGISTRATE JUDGE**