Andre Hardiman #1124932
P.O. Box 1989
Ely, Nv. 89301

United States District Court
District of Nevada

NAME, ANDRE HARDIMAN

Plaintiff(s),

-vs-

NAME, SCOTT DAVIS, et al.

Defendant(s).

CASE NO. 3:23-cv-00584-MMD-CLB

OBJECTIONS TO FINDINGS & RECOMMENDATION OF MAGISTRATE JUDGE

COMES NOW, Andre Hardiman, in PRO PER and herein above respectfully Moves this Honorable Court for a matter of objecting to the findings & recommendation proposed by Magistrate Judge Baldwin with due respect to the granting of defendants' motion for summary judgement & the denial

The above is made and based on the following Memorandum of Points and Authorities.



1/5

[redacted]

of Plaintiff's motion for summary judgement.

Hardiman's Objections Are:

1) FIRST OBJECTION: The Magistrate Judge's Recommendation that the officials neither be disqualified for immunity nor participated in violating clearly Established Law based on them simply denying Hardiman's grievances & the supervisory officials (Southworth: a Correctional Caseworker-Level 3, Garrett: the Warden of LCC & Wickham: the Director of NDOC) had no authority to grant the grievances due to this Court's permanent injunction of Elmajzoub v. Davis #3:19-cv-00196-MMD-CSD a ECL No. 110 (D.Nev. Dec. 5, 2022).

Within Hardiman's few initial grievances (Nov. 11, 18 & 25 of 2022 & Dec. 2 of 2022), before the Permanent Injunction was rendered & grievances after, is the break down, discrepancies & desciptions of how defendants were still in violation of RLUIPA, & Hardiman's, & others' similarly situated, 1st Amendment by placing them in the Unit's, filthy & highly trafficked Activity Room, away from their congregation. The description of a lack of Imam/Pastor alone was a proficient enlightenment that would lead any supervisory official, with common decency, to the realization that the grievances should be granted & Muslim Services must be held, only, in midday Fridays at the chapel with its congregation of LCC. NEVERTHELESS, LCC never ahered to Chief Judge Mirand M. Du's, original Injunction. Therefore,

[redacted]

cases of Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012); Harlow v. Fitzgerald, 457 U.S. 800 at 815 (1982) must hold to the contrary. These cases state "if a prison official has the authority to grant the inmate's request but denies a constitutional required request or is aware of a denial that constitutes a violation & fails to act, they are considered to have personally participated."

2. SECOND OBJECTION: The Magistrate Judge's Recommendation that the defendants did not disqualify for immunity. The basing of this ("Hardiman's classification was higher to intermingle with minimally-classified offenders") is misplaced for LCC is an OVERALL MEDIUM CUSTODY FACILITY. LCC's nor NDOC'S Level System should never dimish Admendments of the U.S. Constitution nor shall it depreciate an offender's NDOC Custody Level.

More specifically, an offender's NDOC's Classification/Unit's Level & Custody Level are two entirely disparate "Level Systems."

CLASSIFICATION/UNIT LEVEL: a system that designates an offender's behavior modification potentiality & status: LEVEL 1 (having the least governed means of privileges: education, employment, freedom of movement... etc); LEVEL 2 (having a low governed means of privilegs: education ... etc); & LEVEL 3 (having the most governed means of privileges: education... etc).

CUSTODY LEVEL: a system that has determined an offender's exhibition of behavior: MAXIMUM CUS-

TODY (for offenders for the most restrictive structure who exhibit the highest potential for violence, escape or disruption if institutional operations are lessened (Risk Factor 17 points or more) ... etc); MEDIUM CUSTODY (for offenders for low restrictive structure who do not exhibit significant behavioral problems & institutional operations are lessened (Risk Factor 14 to 16 points) ... etc); & MINIMUM CUSTODY (for offenders of the least restrictive structure who exhibit the least degree significant behavioral problems & institutional operations are at their least (Risk Factor 13 points or less) ... etc.).

Because LCC only houses Medium Custody offenders, whom all "exhibit low degree significant behavioral problems," why is a U.S. Constitutional right, that LCC deems as a privilege to be dangled as a carrot to incentivize good behavior &/or trampled on, prohibited to any offender due to only a Classification/Unit-level system?

Additionally, the recommendation claims that cases used does not help Hardiman. Contrarily [Holt v. Hobbs, 574 U.S. 352 (2015) addressing the propriety of a prison's grooming policy (requiring a Muslim to violate his religious belief that forbade trimming his beard) (relevance: compelling an offender (Hardiman) to do that which he believes he is religiously forbidden from doing (holding a separate Jumuah service anywhere else beside the main congregational prayer group within the chapel in midday Fridays)), & Hartmann v. Cal. Dep't. of Corr. & Rehab., 707 F.3d 1114, 1125 (9th Cir. 2013) (concerning the religion Wiccan & not Islam), here the relevance is, Hartmann, & Holt, refers specifically to RLUIPA claims of Sub-

*Insert a copy of this page as needed to continue any section.*

stantial Burden on Religion which Hardiman unequivocally proved NDOCs 810 & 516 & LCCs 516 is doing within his summary judgement. The religious differences (Wiccan & Islam) bears no significance, the case law used is simply failed to be understood correctly.

3. THIRD OBJECTION: The Report & Recommendation is completely void of the following:

A) Hardiman Demonstrating That The Challenged Regulation Lacks A Legitimate Penological Basis;

B) TURNER Test;

C) Defendants' Policy Imposing A Substantial Burden On Hardiman's Religious Exercise Under RLUIPA;

D) The Establishment That Defendants Violated The Equal Protection Clause Under The Fourteenth Amendment; &

E) Acknoledging Affidavit of Doyle Bigham &, respective, Notarized Declarations of Andre Hardiman & Antwon Perkins concerning permitted level intermingling.

Dated:

Signature: [signature]

Name: Andre Hardiman

Address: P.O. Box 1989
Ely, NV. 89301